NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1410

STATE OF LOUISIANA

VERSUS

J.J.N.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, DOCKET NO. CR121163
HONORABLE JULES D. EDWARDS, III, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, James T. Genovese, and Shannon J. Gremillion, Judges.

AFFIRMED.

William T. Babin
Assistant District Attorney
P.O. Box 3306
Lafayette, LA 70502
(337) 232-5170
Counsel for Appellee:
        State of Louisiana

Jason W. Robideaux
Attorney at Law
412  W. University Avenue, Suite 202
Lafayette, LA 70506
(337) 291-9444
Counsel for Defendant/Appellant:
        J.J.N.

**DECUIR, Judge.**

Defendant, J.J.N., was charged by bill of information with two counts of molestation of a juvenile in violation of La.R.S. 14.81.2, one count of aggravated incest in violation of La.R.S. 14.78.1, and one count of attempted sexual battery in violation of La.R.S. 14:27 and La.R.S. 14:43.1. Defendant later entered a plea of no contest to three counts of molestation of a juvenile and all other charges were dismissed. After a presentence investigation, Defendant was sentenced to serve a term of fifteen years at hard labor on each count with the three terms to run concurrently. A motion to reconsider sentence was denied with written reasons. This appealed followed.

In his sole assignment of error, Defendant requests review of the denial of his motion to reconsider sentence. He contends the trial court's ruling was manifestly erroneous and constitutes an abuse of discretion or an error of law. He argues that because his previous counsel failed to present any evidence on his behalf at the sentencing hearing, the trial court did not consider mitigating circumstances and did not individualize the sentence to this particular offender and these particular offenses. Consequently, Defendant argues, the sentences imposed are constitutionally excessive.

We disagree. The record before us includes a presentence investigation report which showed Defendant's first offender status and his favorable employment background. At the hearing, defense counsel urged the court to consider that Defendant had no prior criminal convictions, that he had been employed at Frank's Casing Crew for nine years, and that he was presently supporting two minor children. The record reflects these mitigating factors were given due consideration at the sentencing hearing.

The record also evidences the trial court's compliance with La.Code Crim.P. art. 894.1. Specifically, the court found there was an undue risk that Defendant would commit another crime if on probation, explaining that "he would have an opportunity and a desire to engage in similar conduct with people of similar ages." The court also determined that Defendant is in need of correctional treatment in a custodial setting, as there is "no reason to believe . . . he would complete any sort of sex offender treatment." The court further found that a lesser sentence would deprecate the seriousness of the crimes, that the criminal conduct at issue evidenced deliberate cruelty to the victims, that Defendant used his position as a respected adult family member to molest the young victims, and that there were multiple victims and multiple events of molestation over a ten-year period. Finally, the court expressed its dismay at Defendant's offer of money to the victims in lieu of imprisonment as punishment for his crimes.

We find adequate support for the sentences imposed in the reasons given by the trial court and in the record as a whole. Accordingly, we find no error in the denial of Defendant's motion to reconsider sentence.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.

2